Filed 5/21/25  P. v. Miranda CA1/4

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br>v.<br><br>DANIEL VALENCIA MIRANDA,<br><br>    Defendant and Appellant. | A169230<br><br>(Contra Costa County<br>Super. Ct. No. 02003346335) |

Daniel Valencia Miranda entered a guilty plea to a single count of aggravated sexual assault of a child under fourteen years of age in violation of Penal Code section 269, subdivision (a)(3).[1]  He appeals from a restitution award of $200,000 to his minor victim for noneconomic damages.  He argues the award was unsupported by substantial evidence.  We affirm.

### BACKGROUND

Miranda's minor victim provided police a description of ongoing sexual abuse that occurred when she was eight years old.  Miranda was in a relationship and living with the minor's mother at the time, and he considered himself to be her stepfather.  The abuse occurred approximately ten times when Miranda was home with the victim and her younger half-

---

[1] Unless stated otherwise, references to statutes are to the Penal Code.

1

sister while the mother was at work. Miranda told the victim that if she spoke of the abuse to anyone, he would kill her mother. Miranda ultimately confessed to touching the victim's vagina and sodomizing her.

Miranda was charged with two counts of violating section 288.7, subdivision (a), six counts of violating section 288, subdivision (b)(1), and one count of violating section 269, subdivision (a)(3). He entered a guilty plea to one count of aggravated sexual assault of a child under 14 years of age in violation of section 269, subdivision (a)(3), with a *Harvey* waiver.[2] He received a sentence of 15 years to life in prison.

The People sought a restitution award of noneconomic damages to the minor victim of $200,000. The restitution request was supported with a statement from the victim's mother. The mother described her daughter's daily pain and sadness. She said she was always angry and tried to harm herself. She didn't want to leave her home, and just wanted to be in her room. Mother and both her daughters were in therapy. Miranda opposed the request on the basis that it was unsupported by sufficient evidence.

The same trial judge who conducted Miranda's preliminary hearing and sentencing presided over the restitution hearing. The court awarded $200,000 as requested by the People. In doing so, the court expressed its assessment of the impact of Miranda's offenses:

> "This little girl was 8 years old, and was sodomized by a man that she trusted, that the mother trusted. And it really only stopped because the mom's job changed, otherwise it would have been ongoing and continuing.
>
> "The conduct, you know, of the sodomy just on a daily basis is just unbelievable for an 8-year-old girl. And I just think that

_____

[2] *People v. Harvey* (1979) 25 Cal.3d 754.

2

that is going to cause such detrimental her life.  It's hard to put something like that out of your mind.

"And every time you see something you'd probably be reminded and some aspect of what happened to you.

"So the court knows enough of the facts of the case and what any ordinary child of that young age would feel, and there's just no coming back from that.

"It doesn't surprise me that she's still going through this." Miranda timely appealed.

## DISCUSSION

The California Constitution provides a right of restitution to crime victims from their offenders.  "Restitution shall be ordered from the convicted wrongdoer in every case, regardless of the sentence or disposition imposed, in which a crime victim suffers a loss."  (Cal. Const., art. I, § 28, subd. (b)(13)(B).)  "The standard of review of a restitution order is abuse of discretion.  'A victim's restitution right is to be broadly and liberally construed.'  [Citation.]  ' "Where there is a factual and rational basis for the amount of restitution ordered by the trial court, no abuse of discretion will be found by the reviewing court." '  [Citations.]"  (*In re Johnny M.* (2002) 100 Cal.App.4th 1128, 1132.)  However, a restitution order "resting upon a ' "demonstrable error of law" ' constitutes an abuse of the court's discretion. [Citations.]"  (*People v. Jennings* (2005) 128 Cal.App.4th 42, 49.)  " 'In reviewing the sufficiency of the evidence [to support a factual finding], the " 'power of the appellate court begins and ends with a determination as to whether there is any substantial evidence, contradicted or uncontradicted,' to support the trial court's findings."  [Citations.]  Further, the standard of proof at a restitution hearing is by a preponderance of the evidence, not proof

beyond a reasonable doubt. [Citation.] "If the circumstances reasonably justify the [trial court's] findings," the judgment may not be overturned when the circumstances might also reasonably support a contrary finding. [Citation.] We do not reweigh or reinterpret the evidence; rather, we determine whether there is sufficient evidence to support the inference drawn by the trier of fact. [Citation.]' (*People v. Baker* [(2005)] 126 Cal.App.4th [463,] 468–469.)" (*People v. Millard* (2009) 175 Cal.App.4th 7, 26.)

" 'With one exception, restitution orders are limited to the victim's economic damages.' [Citation.] The exception is restitution may be ordered for '[n]oneconomic losses, including, but not limited to, psychological harm, for felony violations of Section 288, 288.5, or 288.7.' (§ 1202.4, subd. (f)(3)(F).)" (*People v. Gomez* (2023) 97 Cal.App.5th 111, 115 (*Gomez*).) When we apply the abuse of discretion standard in such cases, we will "affirm a restitution order for noneconomic damages that does not, at first blush, shock the conscience or suggest passion, prejudice or corruption on the part of the trial court. [¶] Admittedly, this standard is not as delimited as the review of a restitution order for economic damages. By their nature, economic damages are quantifiable and thus awards of economic damages are readily reviewed for whether they are 'rationally designed to determine the . . . victim's economic loss.' [Citation.] Noneconomic damages, however, require more subjective considerations. Thus, the different standard is justified." (*People v. Smith* (2011) 198 Cal.App.4th 415, 436.)

Proving the basis for a noneconomic restitution award by a preponderance of the evidence is thus a low evidentiary hurdle that can be met by testimony or statements "presented to the court or probation officer by the victim's parents, a treating physician or therapist, or others with

4

personal knowledge of the impact on the victim." (*Gomez, supra*, 97 Cal.App.5th at pp. 119–120.) " ' " ' " '[S]entencing judges are given virtually unlimited discretion as to the kind of information they can consider and the source . . . whence it comes.' [Citation.]" [Citation.] [¶] This is so because a hearing to establish the amount of restitution does not require the formalities of other phases of a criminal prosecution. [Citation.]' " ' " (*People v. Brunette* (2011) 194 Cal.App.4th 268, 284.) When there is some evidence of the crime's impact upon the victim, we will affirm a noneconomic restitution award that does not, at first blush, shock the conscience or suggest passion, prejudice, or corruption on the part of the trial court.

That is the case here. Mother's impact statement described her daughter's "daily pain and sadness," said she was always angry and withdrawn as a result of the abuse in this case, had attempted to harm herself and was undergoing therapy as a result of the defendant's abuse. Mother described her daughter's pain as both emotional and physical, and stated she did not know how long she and her two daughters would be impacted by the defendant's crimes. "It is well recognized that ' "child sexual abuse results in long-term emotional and psychological damage to the child victim if left untreated." ' (*People v. Scott* (2012) 203 Cal.App.4th 1303, 1315, fn. 6, quoting Stats. 1992, ch. 1008, § 1, p. 4705.) And such abuse 'is not the kind of act that results in emotional and psychological harm only occasionally.' [Citation.]" (*People v. McCarthy* (2016) 244 Cal.App.4th 1096, 1108.) There was ample basis for the trial court to conclude the victim would feel the impact of Miranda's crimes for many years to come, perhaps for the rest of her life. The resultant $200,000 award does not shock the conscience or suggest passion, prejudice, or corruption on the part of the trial court.

The cases that hold noneconomic restitution awards are unsupported by the evidence are very different. In *People v. Valenti* (2016) 243 Cal.App.4th 1140, there was no evidence that three of the victims suffered ongoing injury. To the contrary, one was described as "excellent," another was "doing fine," and the third was said not to have sustained an act of abuse. (*Id.* at 1182–1183.) In *Gomez*, *supra*, 97 Cal.App.5th 111, the only evidence consisted of a remarkable statement of defiance by the victim who described himself as a "survivor" who would continue to strive in life to reach his goals. On this record, the court based its restitution award on the generally destructive impact of sexual molestation, rather than the particular harm suffered by the victim. (*Id.* at p. 114–115.) This was error. "[I]t is insufficient that the *average victim* would suffer injury from a particular type of crime, or that *generally* victims of such crimes suffer injury." (*Gomez*, at p. 118.)

Here, the evidence showed a causal connection between Miranda's acts and injury suffered by the victim. The amount does not shock the conscience or suggest passion, prejudice, or corruption on the part of the trial court. That is enough.

## DISPOSITION

The November 3, 2023 order for victim restitution is affirmed.

SIGGINS, J.*

WE CONCUR:

BROWN, P. J.
GOLDMAN, J.

---

* Retired Presiding Justice of the Court of Appeal, First Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.